IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODERICK BRANTLEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2281-L |
| | § | |
| LESTER PAGE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Roderick Brantley, a pretrial detainee, against Dallas County, Texas, the Dallas County Sheriff's Department, the Dallas Police Department, two Dallas police officers, and all five Dallas County Commissioners. On December 1, 2009, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on December 15, 2009. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff is currently incarcerated in the Dallas County jail awaiting trial on charges of aggravated kidnaping, aggravated robbery, and aggravated sexual assault of a child. According to plaintiff, the criminal charges stem from an illegal stop and an unlawful detention. Plaintiff further alleges that he was arrested without probable cause, that he was photographed without consent, and that his *Miranda* rights were violated. More particularly, plaintiff contends that he was detained based on an arrest warrant issued for another individual, that he was questioned by the police for six hours without access to counsel, and that he is being wrongfully held in the Dallas County jail on false charges. By this suit, plaintiff seeks unspecified money damages, a formal apology, and disciplinary action taken against the police officers who arrested him.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas County Sheriff's Department or the Dallas Police Department. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Neither the Dallas County Sheriff's Department nor the Dallas Police Department are separate legal entities having jural authority. *See, e.g. Champion v. Parkland Jail Health*, No. 3-09-CV-0689-M, 2009 WL 1904816 at *2 (N.D. Tex. Jul. 2, 2009) (Dallas County Sheriff's Department is not a proper defendant with jural existence); *Torti*, 2007 WL 4403983 at *2 (same as to Dallas Police Department). Consequently, plaintiff's claims against these defendants should be dismissed.

C.

Nor has plaintiff stated a claim for relief against the Dallas County Commissioners. In his interrogatory answers, plaintiff alleges that the Commissioners are liable because they exercise administrative authority over the Dallas Police Department and its officers. (*See* Mag. J. Interrog. #10). However, the Dallas Police Department is an arm of City government and its officers are City employees. Dallas County and its governing body, the Commissioners Court, have no administrative authority over the Dallas police.

Even if the Dallas County Commissioners were responsible for police operations, supervisory officials may be held liable for the actions of their subordinates under section 1983 only if: (1) they affirmatively participate in acts that cause a constitutional deprivation, or (2) implement unconstitutional policies that result in injury to the plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). Plaintiff does not allege either personal involvement on the part of the Dallas County Commissioners or identify an unconstitutional policy, custom, or practice that resulted in the denial of his civil rights. The claims against these defendants should be summarily dismissed.

D.

The gravamen of plaintiff's complaint is that he was stopped, detained, arrested, and interrogated by the police in violation of his constitutional rights. However, a prisoner may not maintain a civil rights action based on the legality of a prior or pending criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence[.]" *Id.*, 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000). A claim implicates the validity of a criminal prosecution where the conviction is based on evidence discovered during the stop, arrest, search, or interrogation. *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

Plaintiff alleges that he was arrested without probable cause in a case of mistaken identity, that he falsely confessed because he was not advised of his *Miranda* rights, that he was improperly

interrogated by the police, and that he was denied counsel. (*See* Mag. J. Interrog. #1, 6, 7, 8, 11). These claims plainly imply the invalidity of plaintiff's pending criminal prosecution. If plaintiff was arrested and questioned in violation of his constitutional rights, any evidence obtained as a result of the illegal arrest and interrogation likely cannot be used against him at trial. The proper forum for raising such a constitutional challenge in the first instance is the state court where the criminal case is pending. Unless and until the criminal charges against plaintiff are dismissed or, if convicted, his conviction is overturned on direct appeal or collateral review, plaintiff cannot maintain a civil rights action under 42 U.S.C. § 1983. *See Parker v. Mendoza*, No. 4-05-CV-0759-Y, 2006 WL 3438627 at *2 (N.D. Tex. Nov. 14, 2006).[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

---

[1] To the extent plaintiff challenges his pretrial incarceration, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, plaintiff has never challenged his pretrial incarceration in an application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07. (*See* Mag. J. Interrog. #4). Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases).

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE